IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIVIDAD GUTIERREZ,<br><br>       Plaintiff,<br>   vs.<br><br>YOUNG BAE CHUNG, et al.,<br><br>       Defendants.<br>_____/ | CASE NO. 1:12-cv-01854-LJO-GSA<br><br>**ORDER ON MOTION TO DISMISS CONSTRUED AS A MOTION FOR JUDGMENT ON THE PLEADINGS**<br>(Doc. 21) |

**I. INTRODUCTION**

This action arises from the alleged discrimination plaintiff Natividad Gutierrez ("Mr. Gutierrez") experienced while visiting the businesses Airport Liquor and Garcia's Restaurant. Mr. Gutierrez alleges violations of the Americans with Disabilities Act ("ADA") and related California statutes. Defendants Young Bae Chung, Sandy Ok Chung, Mohamed Bashir Thind, and Rashid Thind own, operate, and/or lease the facilities used for Airport Liquor. Defendants Luis and Elvira Garcia own, operate, and/or lease the facilities used for Garcia's restaurant. Now before the Court is Young Bae and Sandy Ok Chung's ("the Chung's") motion to dismiss the claims against them based on res judicata. Mr. Gutierrez opposes the motion. For the reasons discussed below, this Court construes the Chung's motion as a motion for judgment on the pleadings and DENIES the motion.

1

## II. BACKGROUND

**A. Facts**[1]

Mr. Gutierrez is physically disabled and requires the use of a wheelchair when traveling in public. Mr. Gutierrez alleges that he encountered physical and intangible barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at Airport Liquor when he visited the facility on March 30, 2012 and July 24, 2012. Airport Liquor is a place of public accommodation.

Mr. Gutierrez alleges that on March 30, 2012, he had difficulty locating an accessible parking space for his van. The closest parking space was located on the far west side of the parking lot, away from the entrance to the facility. During his March and July visits he parked in the parking space designed as van accessible but experienced difficulty exiting his vehicle because the access aisle adjacent to the parking space was narrow and sloped.

Mr. Gutierrez further alleges that during both visits, he had to maneuver up the ramp carefully in order to reach the entrance of the facility. Once inside the facility, most of the aisles were not wide enough for him to maneuver in his wheelchair due to various obstructions, such as display cases and merchandise being stored in the aisles. In addition, the checkout counter was too high and merchandise obstructed Mr. Gutierrez from adequately utilizing the counter and paying for his purchases.

**B. The *Morales* Case**

On August 15, 2012, John Morales ("Mr. Morales") filed suit against the Chung's and others for alleged violations of the ADA and related California statutes for discrimination he experienced while visiting Pho #76 Restaurant & Bakery ("Pho #76").[2] Pho #76 is located in the same shopping complex as Airport Liquor and Garcia's Restaurant.

Like Mr. Gutierrez, Mr. Morales is physically disabled and requires the use of a wheelchair when

---

[1] The background facts are derived from Mr. Gutierrez's complaint. This Court accepts the factual allegations in the complaint as true for purposes of this motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

[2] The Chung's request the Court to take judicial notice of the complaint and order of dismissal in *Morales v. Young Bae Chung, et al.*, 1:12-cv-01335-AWI-GSA. (Doc. 22). The Chung's request is GRANTED. *See In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011) (recognizing that a court may take judicial notice of its own records in other cases). The Chung's also request the Court to take judicial notice of the complaint filed in the instant action. Because the complaint is part of the record in the instant case, the Court need not take judicial notice of it.

traveling in public. In Mr. Morales' complaint, he alleged that he encountered physical and intangible barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at Pho #76. Specifically, Mr. Morales alleged that he experienced difficulty ascending the wheelchair ramp because of the warped and uneven surface; the front door was heavy and difficult to open; and the configuration of the restroom and lack of wheelchair clearance prevented him from being able to wash his hands. On October 24, 2012, the action was dismissed with prejudice because the parties settled the matter.

**C. The Instant Case**

On November 9, 2012, Mr. Gutierrez filed a complaint with this Court in which he alleges four claims for relief against all defendants. (Doc. 2). In his first claim, he alleges that defendants violated the ADA by: (1) denying him full and equal enjoyment and use, (2) failing to remove architectural barriers in an existing facility, (3) failing to design and construct an accessible facility, (4) failing to make an altered facility accessible, and (5) failing to modify existing policies and procedures. In his second claim, Mr. Gutierrez alleges that defendants denied him full and equal access to the facilities, in violation of California's Disabled Persons Act. Third, he alleges violations of the Unruh Civil Rights Act. Finally, Mr. Gutierrez alleges the denial of full and equal access to public facilities.

Now before the Court is the Chung's motion to dismiss filed on January 7, 2013. (Doc. 21). The Chung's contend that all claims against them should be dismissed based on res judicata. They argue that the claims alleged by Mr. Gutierrez were previously resolved in the *Morales* case. Mr. Gutierrez opposes the Chung's motion. (Doc. 27). This Court found the motion suitable for a decision without oral argument, pursuant to Local Rule 230(g), and vacated the February 26, 2013, hearing date. (Doc. 30).

### III. DISCUSSION

**A. Motion to Dismiss Construed as Motion for Judgment on the Pleadings**

Mr. Gutierrez contends that the Chung's motion to dismiss is procedurally defective and should not be considered because they filed their motion to dismiss after they filed their answer to the complaint.

A FED. R. CIV. P. 12(b)(6) "motion must be made *before* the responsive pleading." *Elvig v.*

*Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) (emphasis in original). However, a post-answer motion to dismiss for failure to state a claim may be treated as a motion for judgment on the pleadings under FED. R. CIV. P. 12(c). *Id*. The standard governing a FED. R. CIV. P. 12(c) motion is essentially the same as that governing a FED. R. CIV. P. 12(b)(6) motion. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing . . . [Otherwise,] the motions are functionally identical." *Id*.

Here, the Chung's filed their motion to dismiss and answer on the same day. Because the Chung's motion to dismiss was not filed before the answer but concurrently, this Court treats the Chung's motion to dismiss for failure to state a claim as a motion for judgment on the pleadings. *See Beery v. Hitachi Home Elec. (America), Inc.*, 157 F.R.D. 477, 479-80 (C.D. Cal. 1993) (recognizing that because the moving party filed their answer and a Rule 12(b)(6) motion to dismiss on the same day, the motion to dismiss was technically untimely but could be construed as a motion for judgment on the pleadings, pursuant to Rule 12(c)).

A FED. R. CIV. P. 12(c) motion will be granted only when, viewing the facts as presented in the pleadings in the light most favorable to the plaintiff, and accepting those facts as true, the moving party is entitled to judgment as a matter of law. *See Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n. 2 (9th Cir. 1992). When a FED. R. CIV. P. 12(c) motion is used to raise the defense of failure to state a claim, the motion is subject to the same test as a motion under FED. R. CIV. P. 12(b)(6). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). A FED. R. CIV. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Serv. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**B. Matters Outside the Pleadings**

Before addressing the Chung's challenges to Mr. Gutierrez's complaint, the Court must address the extraneous materials submitted by the Chung's in support of their motion.

"If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). "Whether to convert a [12(c)] motion to one for summary judgment is within the discretion of the district court." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1150 (E.D. Cal. 2009). If the district court chooses not to rely on the extraneous matter no conversion occurs. *See Jackson v. S. California Gas Co.*, 881 F.2d 638, 642 n.4 (9th Cir. 1989) (recognizing that when determining

5

whether a motion to dismiss was converted into a motion for summary judgment the "proper inquiry is whether the court relied on the extraneous matter").

Here, the Chung's submitted a declaration by their attorney and four exhibits related to the *Morales* case: (1) an initial inspection report prepared by a Certified Access Specialist ("CASp") dated August 17, 2012; (2) an accessibility certification dated October 25, 2012; (3) a second CASp inspection report dated November 9, 2012; and (4) an email from defense counsel to plaintiff's counsel stating that the parking lot issues were corrected. The Court exercises its discretion and declines to consider the extraneous materials submitted by the Chung's. Thus, the Court treats the Chung's motion as a Rule 12(c) motion for judgment on the pleadings.

**C. Res Judicata**

Turning to the merits of the Chung's motion, they contend that the resolution of the *Morales* case bars Mr. Gutierrez's claims under res judicata.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Claim preclusion bars any lawsuits on any claims that were raised or could have been raised in a prior action." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1173 (9th Cir. 2004) (internal quotation marks and citations omitted). "Claim preclusion applies if there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id*. at 1174 (internal quotation marks and citations omitted). Here, although a final judgment on the merits exists, claim preclusion does not apply because an identity of claims and privity between the parties does not exist.

**1. Identity of Claims**

In determining whether the instant action concerns the same claims as the prior action, the Ninth Circuit considers:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citing *Costantini v. Trans*

6

1  *World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

2  The complaints in both cases were brought by plaintiffs that are physically disabled and require
3  the use of a wheelchair when traveling in public.  Both complaints also allege violations of the same
4  rights.  However, the two suits do not arise out of the same transactional nucleus of facts.  Mr. Morales'
5  suit was against Pho #76.  He alleged that he encountered barriers that interfered with his ability to use
6  and enjoy the facility.  Specifically, he experienced difficulty ascending the wheelchair ramp because
7  of the warped and uneven surface; the front door was very heavy and difficult to open; and the
8  configuration of the bathroom and lack of wheelchair clearance prevented him from being able to wash
9  his hands.

10  In contrast, the instant action is against Airport Liquor and Garcia's Restaurant.  Similar to Mr.
11  Morales, Mr. Gutierrez alleges that he encountered barriers that interfered with his ability to use and
12  enjoy the facility.  However, Mr. Gutierrez and Mr. Morales' factual allegations are not the same.  Mr.
13  Gutierrez alleges that he had difficulty locating an accessible parking space and when he found one he
14  experienced difficulty exiting his vehicle because the access aisle adjacent to the van accessible parking
15  space was narrow and sloped.  Mr. Gutierrez further alleges that he had to maneuver up the ramp
16  carefully in order to reach the entrance of the facility.  Mr. Gutierrez also alleges that once inside the
17  facility most of the aisles were not wide enough for him to maneuver in his wheelchair and the checkout
18  counter was too high.

19  The Chung's argue that an identity of claims exists because both Mr. Morales and Mr. Gutierrez
20  allege that they encountered architectural barriers related to the shopping center parking spaces.  It is true
21  that both allege architectural barriers related to the shopping center parking spaces.  However, Mr.
22  Morales challenged the wheelchair ramp in front of Pho #76 and Mr. Gutierrez challenges the
23  availability of an accessible parking space and the size and slope of the access aisle adjacent to the
24  parking space.  Mr. Gutierrez's allegation that he had to maneuver up the wheelchair ramp carefully in
25  order to reach the entrance of the facility is similar to Mr. Morales' wheelchair ramp challenge however,
26  it is unclear as to whether the wheelchair ramp in front of Pho #76 is the same wheelchair ramp Mr.
27  Gutierrez used when entering Airport Liquor.

28  Accordingly, the claims in Mr. Morales' action and the present action arise out of a different

transactional nucleus of facts thus, an identity of claims does not exist. *See Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1399 (9th Cir. 1992) (holding that claim preclusion did not apply because the present action challenged conduct that was different from the conduct challenged in the previous action).

**2. Final Judgment**

A final judgment on the merits exists because Mr. Morales' case was dismissed with prejudice. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (recognizing that a dismissal with prejudice is synonymous with "final judgment on the merits").

**3. Privity Between Parties**

With regard to privity, "in certain limited circumstances, a nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who was a party to the suit." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). "Representative suits with preclusive effect on nonparties include properly conducted class actions and suits brought by trustees, guardians, and other fiduciaries." *Taylor v, Sturgell*, 553 U.S. 880, 894 (2008) (internal citations omitted). "A party's representation of a nonparty is adequate for preclusion purposes only if, at a minimum: (1) the interests of the nonparty and the representative are aligned; and (2) either the party understood itself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty." *Harris*, 682 F.3d at 1132-33 (internal quotation marks omitted).

Here, there is nothing in the record to show that Mr. Gutierrez was adequately represented in Mr. Morales' suit. To begin with, this Court knows nothing about the relationship between Mr. Gutierrez and Mr. Morales besides the fact that they share an attorney. In addition, nothing in the record indicates that Mr. Morales understood himself to be suing on Mr. Gutierrez's behalf. Likewise, there is nothing to indicate that Mr. Gutierrez knew of Mr. Morales' case. Finally, it does not appear that Mr. Gutierrez had any notice of the proposed settlement in Mr. Morales' case nor is there any indication that the district court in the prior litigation approved the stipulation of dismissal as fair to absent parties. Accordingly, Mr. Morales' representation was not "adequate" for purposes of claim preclusion. *See Taylor*, 553 U.S. at 905; *see also Headwaters*, 399 F.3d at 1056.

In sum, Mr. Gutierrez's claims are not precluded because an identity of claims and privity between the parties does not exist. Thus, the Chung's motion to dismiss construed as a motion for

judgment on the pleadings is DENIED.

**D. Arguments Raised in Reply Brief**

To the extent the Chung's request the Court to take judicial notice of the CASp reports and the CASp certification in the reply brief, the Court declines to do so. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). For the same reasons, the Court declines to address the Chung's arguments that the complaint contains insufficient factual allegations and fails to state a claim under the ADA. *See id.*

### IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court CONSTRUES the Chung's motion to dismiss as a motion for judgment on the pleadings and DENIES the motion.

IT IS SO ORDERED.

**Dated:   February 21, 2013           /s/  Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE